IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL AARON TAYLOR,

       Petitioner,

v.                                     CASE NO. 5:12-cv-00192-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 5, Petitioner's *pro se* Amended Petition for

a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254  (hereafter "Petition").  The

Petition stems from Petitioner's Washington County convictions for trafficking in

cannabis, for which Petitioner is serving a ten-year prison sentence followed by 10

years probation. App. Exh. C, p. 265 (Doc. 22-2, p.139). Respondent filed a response

and an appendix with relevant portions of the state-court record, and Petitioner filed a

reply.  Docs. 22, 26.  Upon due consideration of the Petition, the Response, the Reply,

and the state-court record, the undersigned recommends that the Petition should be

denied.[1]

## State-Court Proceedings

The relevant portions of the record may be summarized as follows.  Petitioner

was charged with trafficking in cannabis (excess of 25 pounds). App. Exh. A, p. 8.

_____

[1] Because the Court may resolve the Petition on the basis of the record, the
Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

Petitioner was found guilty of this charge in a jury trial.  App. Exh. A, p. 66. At

sentencing, Petitioner was sentenced to ten years incarceration followed by ten years

probation. App. Exh. C, p. 265. The First District Court of Appeal affirmed Petitioner's

conviction and sentence by written opinion.  App. Exh. I; *Taylor v. State*, 13 So. 3d 77

(Fla. Dist. Ct. App. 2009). The court denied Petitioner's motion for rehearing or

clarification. App. Exh. J, K; *Taylor v. State*, 13 So. 3d 77 (Fla. Dist. Ct. App. 2009).

Petitioner filed a postconviction motion, through counsel, pursuant to Fla. R.

Crim. P. 3.850, asserting a claim that his trial counsel rendered ineffective assistance

by failing to inform him that the state had offered a plea deal of three years of

incarceration. App. Exh. M, pp. 1-5. The state court found the motion to be legally

insufficient and dismissed the motion without prejudice, giving Petitioner leave to

amend. App. Exh. M, p. 6. Petitioner then filed an amended postconviction motion

through counsel. App. Exh. M., pp. 7-11. The state court ordered an evidentiary hearing

on this claim. App. Exh. M., p. 27. Petitioner was represented by counsel in the

evidentiary hearing. App. Exh. N, pp. 59-112.  Following the evidentiary hearing, the

state court issued an order denying Petitioner's motion. App.  Exh. M, pp. 30-33.

During the time period between the evidentiary hearing and appellate review, the trial

court granted Petitioner's Motion to Appoint Appellate Counsel. App. Exh. M, p. 50. The

First DCA affirmed the trial court's denial of Petitioner's motions for ineffective

assistance of counsel *per curiam* without written opinion.  App. Exh. Q; *Taylor v. State*,

65 So. 3d 1060 (Fla. Dist. Ct. App. 2011).   Petitioner's motion for rehearing and

rehearing en banc was denied. App. Exh. R, S; *Taylor v. State*, 65 So. 3d 1060 (Fla.

Dist. Ct. App. 2011).

Petitioner then filed with the trail court a *pro se* Motion to Correct an Illegal Sentence pursuant to Fla.R.Crim.P 3.800(a). App. Exh. U. The trial court denied the motion. App. Exh. V. Petitioner filed a second *pro se* postconviction motion pursuant to Fla. R. Crim. P. 3.850, claiming ineffective assistance of counsel. App. Exh. W. The court found the claim to be facially insufficient and gave the Petitioner an opportunity to amend his claim. App. Exh. X. Petitioner filed an amended motion for post conviction relief, which the court denied. App. Exh Y, Z.

Petitioner then filed the instant *pro se* habeas corpus petition raising three claims for relief. The three claims are (1) that Fla. Stat. § 893.13 is unconstitutional because it violates the Due Process Clause, (2) his counsel rendered ineffective assistance, and (3) the trial court erred in denying Petitioner's motion for judgment of acquittal. Doc. 5. The state filed a reply and responded to the three grounds. Doc. 22. In his Reply, however, Petitioner expressly abandoned two of the grounds. Doc. 26.  Thus, Petitioner's sole remaining claim for federal habeas relief is that his trial counsel was ineffective for not advising him of a plea offer which provided for three years imprisonment. Doc. 26. Petitioner contends that had he been advised of the plea offer, he would have accepted the plea offer.[2]  Doc. 26.

### Section 2254 Standard of Review for Ineffective Assistance Claims

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations

---

[2] The State does not contest the timeliness of Petitioner's ineffective assistance of counsel claim.

on the scope of this Court's review.  Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow, ___ U.S. ___,*  2013 WL 5904117, *4 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential").   This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights."  *Id*.   This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[3]—a claim state courts have now

_____

[3]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate

adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.   AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"   *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786).  "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

In *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S.Ct. 1376 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Frye*, 566 U.S. ___, 132 S.Ct. at 1404–08; *Lafler*, 566 U.S. at ___, 132 S.Ct. at 1384. Thus, criminal defendants are "entitled to the effective assistance of competent counsel"

---

(1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

during plea negotiations. *Lafler*, 566 U.S. at ——, 132 S.Ct. at 1384 (internal quotation marks omitted). The Court also considered how to apply the prejudice prong of the ineffective-assistance-of-counsel test set forth in *Strickland* and concluded that, in order to show prejudice, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. *Frye*, 566 U.S. at ___, 132 S.Ct. at 1409; *Lafler*, 566 U.S. at ___, 132 S.Ct. at 1384–85.

## Discussion

Petitioner claims that trial counsel was ineffective for not advising him of a three-year plea deal. Petitioner argues that had he known of the plea deal he would have accepted it. Doc. 5, 26.

Following his arrest on December 18, 2006, Petitioner was appointed a public defender who entered a plea of not guilty on January 2, 2007. App. Exh. A, p. 10.  On March 1, 2007, attorney Regina Balkom filed a Notice of Appearance that she would represent the Petitioner. App. Exh. A, p. 13. At the evidentiary hearing on the Rule 3.850 motion, testimony from both Petitioner and Ms. Balkom revealed Ms. Balkom is Petitioner's cousin and that Petitioner's father – Ms. Balkom's uncle –  had contacted her to ask her to represent Petitioner. App. Exh. N, pp. 65, 75. Petitioner claims that Ms. Balkom provided him with ineffective assistance of counsel by failing to inform him of the plea deal. Dec. 26.

### *State Court Ruling*

In rejecting Petitioner's claim for ineffective assistance of counsel, the state court concluded that Petitioner had not satisfied the prejudice prong of *Strickland* because he failed to prove that if he had known about the plea deal he would have accepted it. App. Exh. Z; Doc. 22-7, p. 74; *Strickland*, 466 U.S. at 693-94. Regarding the deficient performance prong, the court noted that both the Petitioner and Ms. Balkom were in agreement "that Ms. Balkom did not discuss any plea offer directly with Defendant." App. Exh. Z; Doc. 22-7, p. 73. The court found that failure to personally discuss the plea offer "fell below the standards expected of reasonable effective counsel." App. Exh. Z; Doc. 22-7, p. 74. The court found, however, that when viewing the circumstances from Ms. Balkom's perspective at the time, it was reasonable for her to conclude that her discussions with her uncle (Petitioner's father) were being communicated to the Petitioner. App. Exh. Z; Doc. 22-7, p. 74. This conclusion was supported by the court's finding that "[Petitioner's] father was at all times authorized to speak with Ms. Balkom about his case." App. Exh. Z; Doc. 22-7, p. 73.

The testimony of Ms. Balkom at the evidentiary hearing supports this conclusion. Although Ms. Balkom conceded that she did not remember talking with the petitioner about the three-year plea deal, she explained that she did not do so because she was under the impression that the defendant was aware of the plea offer prior to her involvement in the case through either the Petitioner's father or though Petitioner's first attorney on the case. App. Exh. N, p. 83, 85. In Petitioner's claim he alleges only ineffective assistance of counsel by Ms. Balkom. He never specifically mentions nor

alleges ineffective assistance of counsel by his first attorney. Notably, the plea deal was extended while the first attorney was still on the case. Doc. 5, 26. Although the record does not contain a specific date the plea offer was initially made, it is clear from Ms. Balkom's testimony that the plea offer was made *before* she began representing the Petitioner. Although Plaintiff's first attorney did not testify at the evidentiary hearing (and thus we do not know what his first attorney told him), Petitioner does not contend that his first attorney never discussed the plea deal with him – but only that his cousin, Ms. Balkom, did not.

While Ms. Balkom acknowledged that in her normal practice she did not talk to anyone other than the client in a case, she explained that this situation was "a lot different" because it involved family. App. Exh. N, pp. 81 - 82. In this case Ms. Balkom's main contact was Petitioner's father, her uncle, who asked her to take the case. App. Exh. N, p. 85. According to Ms. Balkom, based upon discussions with her uncle she was given the impression that Petitioner clearly knew of the plea deal and more importantly that Petitioner was unhappy with the deal. Indeed, the motivating reason for asking Ms. Balkom to take the case was for her to obtain a better plea deal or go forward with the motion to suppress. App. Exh. N, p. 75.

Although Ms. Balkom did not recall discussing the plea deal with Petitioner, she did testify that she notified both her uncle and Petitioner that the prosecutor was not willing to offer anything other than a state prison sentence.  App. Exh. N, p. 85. This communication was in response to efforts to garner a better plea deal as requested. App. Exh. N, p. 85.  While Petitioner, at the evidentiary hearing, initially claimed that his

father did not know about the plea deal, Petitioner, in his reply, concedes that his father rejected the plea deal on Petitioner's behalf. App. Exh. N, p. 72; Doc. 26.

Accordingly, on this record, the Court concludes that Petitioner has failed to show that the state court's rejection of this claim on the deficient performance prong was unreasonable. While there is no question that a lawyer is required to discuss any plea deals with her client, under these circumstances where the attorney was a relative, the plea offer was made before she began representing the Petitioner and there was every reason to believe that either the first attorney had discussed the plea offer with Petitioner and the Defendant's father was actively communicating with the Petitioner, the state court's conclusion that under these circumstances it was not deficient to fail to discuss the plea further with the Petitioner, is not an unreasonable application of federal law.

The *Strickland* standard requires "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  Further, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The state court did just that. The state court viewed the situation from Ms. Balkom's perspective at the time and found her assumptions that the information was being relayed to Petitioner to be reasonable. This conclusion was well-grounded in the facts of the record. Therefore, the state court's finding is not an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" as required pursuant to 28 U.S.C. § 2254(d)(2) to reverse its finding.

Alternatively, even assuming *arguendo* that counsel's performance was deficient,

Petitioner's claim for habeas relief still does not succeed as he failed to show that he was prejudiced by counsel's deficient performance. The state court found that Petitioner's claim that he would have accepted the plea deal was insufficient to rebut the testimony of Ms. Balkom that Petitioner was not interested in any deal involving prison time. The state court said:

> The only evidence supporting this testimony of the defendant is his testimony. The evidence contradicting this testimony is Ms. Balkom's instruction at the time she was retained by Defendant's father to seek a non-state prison deal for Defendant; her continued discussions with Defendant's father concerning the three year offer; and her understanding from her discussions with Defendant's father and Defendant that he was not interested in a prison offer. Further, Defendant proceeded to trial after losing the suppression issue acknowledging that he thought he would probably go to prison if he was convicted.

App. Exh. Z; Doc. 22-7, p. 74.

These conclusions are directly supported by Ms. Balkom's testimony. Ms. Balkom testified several times that when she took the case her directive was either negotiate a better plea deal or get the evidence suppressed. App. Exh N., pp. 78-79, 83. She testified that in the initial phone call with her uncle, when he asked her to take the case, he communicated to her "that there was a three-year minimum mandatory offer or state prison offer" and that the state prison deal "was not something that was being considered." App. Exh. N, p. 75. Ms. Balkom explained her initial work on the case consisted of efforts to try to get a plea deal of "something less than three years state prison." App. Exh. N, p. 78.  Based upon this testimony the state court found that the Petitioner's father had "made it clear to Ms. Balkom that no deal involving prison was acceptable to him or the [Petitioner]." App. Exh. Z; Doc. 22-7, pp. 72-75.

This Court is required to defer to the determination of the state court to credit Ms. Balkom's testimony over Petitioner's testimony. "Determining the credibility of witnesses is the province and function of state courts, not a federal court engaging in habeas review.  Federal habeas courts have 'no license to redetermine credibility of witnesses whose demeanor was observed by the state court, but not by them.'" *Consalvo v. Secretary for Dept. of Corrections,* 664 F3d 842, 845 (11th Cir. 2011) (quoting *Marshall v. Lonberger*, 459 U.S. 422 (1983)).  Questions about the credibility of witnesses are questions of fact, and "the AEDPA affords a presumption of correctness to a factual determination made by a state court."  *Id.*   It is Petitioner's burden to rebut the presumption of correctness by clear and convincing evidence.  *Burt v. Titlow, ____ U.S. ___,* 2013 WL 5904117, *4.

Recently – and while this habeas petition was pending –  the Supreme Court decided *Missouri v. Frye*, __ U.S.  ___, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, __ U.S. __. 132 S.Ct. 1376 (2012), which held that criminal defendants require effective assistance of counsel during plea negotiations.  Under *Frye* and *Lafler*, in order for a defendant to demonstrate ineffective assistance of counsel during plea negotiations, a defendant is required to demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence.  *Frye*, 132 S.Ct. at 1409; *Lafler*, 132 S.Ct. at 1384–85.

There is no issue that Petitioner can demonstrate that the plea offer would have

resulted in a lower sentence, thus, satisfying the third requirement of *Frye* and *Laffler*. As to the first prong, however, although the state trial court did not specifically mention *Frye* and *Lafler* the state trial court found that "[Petitioner] failed to carry his burden of establishing by a reasonable probability standard that he would have accepted the State's offer if he had known of it." App. Exh. Z; Doc. 22-7, p. 74.

Further, Petitioner has failed to satisfy the second prong because even though Petitioner argues he would have accepted the plea deal, there is evidence suggesting that the plea deal no longer may have been available. Ms. Balkom testified that it was her understanding that once the Motion to Suppress was filed the plea deal was no longer available. App. Exh. N, p. 84. Ms. Balkom filed a motion to adopt the co-defendant's motion to suppress evidence and statements on November 2, 2007. App. Exh. A, p. 68. Therefore, even if Petitioner had decided to accept the plea deal before trial, the plea deal was no longer on the table.

Thus, Petitioner has not demonstrated, as required by *Frye* and *Lafler*, that there was a reasonable probability that the result would have been different but for counsel's alleged deficient performance. On this record, and in view of the deference afforded to the state court's rejection of this ineffective-assistance claim on the merits, Petitioner has failed to show that he is entitled to federal habeas corpus relief.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The First Amended Petition Under 28 U.S.C. § 2254 by a Person In Custody Pursuant to a State Court Judgment  (Doc. 5) should be **DENIED** and the Court should **DENY** a certificate of appealability

**IN CHAMBERS**  this 18th day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.